# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DARRELL CUNNINGHAM,** ) | |
| ) | |
| Petitioner, ) | Case No. 7:21CV00144 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | JUDGE JAMES P. JONES |
| ) | |
| Respondent. ) | |

*Darrell Cunningham, Pro Se Petitioner; Krista Consiglio Frith, Assistant United States Attorney, Roanoke, Virginia, for the Respondent.*

Darrell Cunningham, a federal inmate proceeding pro se, filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] In his petition, Cunningham claims that his conviction is defective under *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), and *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The Respondent contends that Cunningham has not met the jurisdictional requirements for this court to revisit the validity of his conviction. After review of the record and the parties' submissions, I agree and will dismiss the Petition.

---

[1] Cunningham is confined at the United States Penitentiary Lee, which is located in this judicial district.

I.

On April 13, 2010, a grand jury in the United States District Court for the District of South Carolina returned an indictment against Cunningham, charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e). Cunningham pleaded guilty, and the court sentenced him to a 30-month prison term and three years of supervised release.

While Cunningham was on supervised release, he and three codefendants were indicted by a grand jury on January 8, 2013, and charged with conspiracy to possess with intent to distribute five kilograms or more of cocaine (Count 1) and knowingly using and carrying firearms during and in relation to a drug trafficking crime (Count 2). On August 23, 2013, in a third federal criminal case, an Information was filed charging Cunningham with willfully and maliciously causing the death of a police animal. Cunningham pled guilty on September 18, 2013, to the charge in Count 1 of the January 2013 indictment and as a result, his federal probation officer petitioned the court for a warrant for a supervised release violation.

Cunningham signed an amended Plea Agreement on February 3, 2014, resolving his three ongoing federal criminal cases. Pursuant to the amended agreement, Cunningham agreed to serve a 240-month term of incarceration for the drug distribution conviction. A sentence of 120 months for his plea to the Information charging the willful and malicious killing of a police animal, and a

sentence of 24 months for violating his supervised release, will be served consecutively to the others. On February 28, 2014, the court imposed these sentences. Cunningham did not appeal.

On September 4, 2014, Cunningham filed a pro se § 2255 motion in his 2013 drug distribution case, arguing violations of his due process rights and ineffective assistance of counsel. The court denied Cunningham's § 2255 motion as without merit. *United States v. Cunningham*, Cr. No. 6:13-0013-TMC, 2015 WL 196366 (D.S.C. Jan. 15, 2015), *appeal dismissed*, 610 F. App'x 325 (4th Cir. 2015) (unpublished).

Cunningham filed the present Petition in March 2021. He argues that his guilty plea in the revocation of his supervised release is invalid under *Gary* and *Rehaif* and his case should be vacated and remanded for further proceedings. The United States filed a response to the Petition, and Cunningham has responded, making the Petition ripe for consideration.

II.

Generally, federal prisoners are "required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the "savings clause" of § 2255 allows a federal prisoner to seek relief under 28 U.S.C. § 2241 if he can show that § 2255 is "inadequate or ineffective

to test the legality of . . . detention." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (quoting 28 U.S.C. § 2255).

The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of a *conviction* when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333–34. The requirements of the savings clause are jurisdictional. *United States v. Wheeler*, 886 F.3d 415, 425–26 (4th Cir. 2018). Thus, unless the petitioner meets these requirements, a district court may not entertain his § 2241 petition that challenges the validity of a federal conviction. *Id.*

Cunningham presents no authority suggesting that the offense conduct for which he was convicted under the Plea Agreement — drug distribution, willfully and maliciously causing the death of a police animal, and violating supervised release terms — are no longer criminal activity. Moreover, none of his cited authority demonstrates that his underlying criminal conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), is no longer criminal activity. Accordingly, Cunningham has not met the second of the three factors required in *Jones*. He has not shown that this court has jurisdiction under the savings

clause of § 2255(e) to allow him to challenge the validity of his convictions in a § 2241 petition. I will therefore dismiss Cunningham's Petition without prejudice for lack of jurisdiction.

    A separate Final Order will be entered herewith.

                              DATED: May 27, 2022

                              /s/ JAMES P. JONES
                              Senior United States District Judge